IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| DON M. GRUBBS, JR., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | Case No. 4:12CV472 |
| | § | |
| CITIMORTGAGE, INC., | § | |
| | § | |
| Defendants. | § | |

## REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Now before the Court is Defendant CitiMortgage, Inc.'s Motion to Dismiss (Dkt. 4). As set forth below, the Court finds that the motion should be GRANTED.

### FACTUAL BACKGROUND AND PROCEDURAL HISTORY

In 2006, Plaintiff Don M. Grubbs, Jr. and his spouse purchased real property located at 1137 Seminole Trail, Carrollton, Texas 75007 ("the Property"). According to Plaintiff, on the same day he executed a Promissory Note and Deed of Trust with Argent Mortgage Company, LLC, as the original lender. *See* Dkt. 2 at ¶¶ 5-6. Plaintiff alleges his loan was securitized into a mortgage-backed security and therefore turned into a trust. *Id.* at ¶ 10.

On or about July 3, 2012, Plaintiff filed suit in the 367th Judicial District in Denton County, Texas. *Id.* Subsequently, on or about August 1, 2012 Defendant removed the suit to this Court. *See* Dkt. 3.

Plaintiff's state court petition alleges suit for declaratory relief, and Plaintiff also seeks an accounting of all transactions on his mortgage loan, a temporary restraining order, and injunctive

relief. *See* Dkt. 2.

Defendant has filed a motion to dismiss, seeking to dismiss Plaintiff's claims. Defendant argues that all of Plaintiff's allegations fail because he has no standing to challenge any assignment of the Note and Deed of Trust and because his claims are based on an untenable legal theory.

Defendant's motion was filed on August 3, 2012. On September 18, 2012, this Court entered an order indicating that no response had been filed to Defendant's Motion to Dismiss and that if no response were filed on or before September 25, 2012, the Court would assume that Plaintiff was not opposed to the relief requested and proceed accordingly (*see* Dkt. 7). Such a practice is in accordance with Local Rule CV-7(d) which provides that if "a party fails to oppose a motion in the manner prescribed herein, the court will assume that the party has no opposition." E.D. TEX. L. R. CV-7(d). To date, Plaintiff has not filed a response to the motion or otherwise amended his complaint to address the deficiencies raised by the motion.

## STANDARD FOR MOTION TO DISMISS

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a party may move for dismissal of an action for failure to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). The Court must accept as true all well-pleaded facts contained in the plaintiff's complaint and view them in the light most favorable to the plaintiff. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). A claim will survive an attack under Rule 12(b)(6) if it "may be supported by showing any set of facts consistent with the allegations in the complaint." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563, 127 S. Ct. 1955, 1969, 167 L. Ed.2d 929 (2007). In other words, a claim may not be dismissed based solely on a court's supposition that the pleader is unlikely "to find evidentiary

support for his allegations or prove his claim to the satisfaction of the factfinder." *Id*. at 563 n.8.

Although detailed factual allegations are not required, a plaintiff must provide the grounds of his entitlement to relief beyond mere "labels and conclusions," and "a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555. The complaint must be factually suggestive, so as to "raise a right to relief above the speculative level" and into the "realm of plausible liability." *Id*. at 555, 557 n.5. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed.2d 868 (2009), (quoting *Twombly*, 550 U.S. at 570, 127 S. Ct. 1955)). For a claim to have facial plausibility, a plaintiff must plead facts that allow the court to draw the reasonable inference that the defendant is liable for the alleged misconduct. *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009). Therefore, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief." *Id*. (internal quotations omitted). Dismissal for failure to state a claim is generally disfavored in the Fifth Circuit. *Zephyr Aviation, L.L.C. v. Dailey*, 247 F.3d 565, 573 (5th Cir. 2001).

## ANALYSIS

The Court has reviewed the record here and finds that Defendant's dismissal arguments are well-founded and supported by applicable authority. *See, e.g, Kiggundu v. Mortgage Elec. Registration Sys. Inc*., 469 Fed. Appx. 330, 332, 2012 WL 1033378, 1 (5th Cir. 2012) ("It was sufficient for the Bank of New York to establish that it was in possession of the note; it was not required to show that the deed of trust had been assigned to it."). Without any factual distinctions

by Plaintiff, the Court declines to re-plow well harvested ground. *See, e.g., Richardson v. CitiMortgage, Inc.*, 2010 WL 4818556, at *5 (E.D. Tex. 2010) (rejecting the plaintiffs attack on MERS, and noting that "[u]nder Texas law, where a deed of trust, as here, expressly provides for MERS to have the power of sale, then MERS has the power of sale") (*citing Athey v. MERS,* 314 S.W.3d 161, 166 (Tex. App. Eastland 2010)); *Allen v. Chase Home Finance, LLC*, 2011 WL 2683192, at *3-4 (E.D. Tex. Jun. 10, 2011); *Anderson v. CitiMortgage, Inc.*, 2011 WL 1113494, at *1-2 (E.D. Tex. Mar. 24, 2011); *see also Santarose v. Aurora Bank FSB,* 2010 WL 2232819, at *5 (S.D. Tex. Jun. 2, 2010) (rejecting the argument that MERS lacked standing to foreclose and was not a real party in interest); *Wiggington v. Bank of New York Mellon*, 2011 WL 2669071, at *3 (N.D. Tex. Jul. 7, 2011). "In other words, a transfer of an obligation secured by a note also transfers the note because the deed of trust and note are read together to evaluate their provisions." *DeFranchesci v. Wells Fargo Bank, N.A.*, 2011 WL 3875338, at *4 (N.D. Tex. Aug. 31, 2011). "Because the deed of trust specifically provided that MERS would have the power of sale, MERS had the power of sale that was passed to U.S. Bank upon MERS's assignment." *Id.* (quoting *Richardson*, 2010 WL 4818556, at *5). Under the Texas Property Code, a mortgagee may authorize a mortgage servicer to service a mortgage and conduct a foreclosure sale. *See* TEX. PROP. CODE. ANN. § 51.0025. Plaintiff has simply not shown any facts that would give rise to a cognizable claim here.

Therefore, having reviewed Defendant's motion and finding that it raises meritorious grounds for dismissal and having considered Plaintiff's lack of written response to argue anything to the contrary, the Court recommends that Defendant CitiMortgage, Inc.'s Motion to Dismiss (Dkt. 4) be GRANTED and that Plaintiff's claims be dismissed with prejudice.

*Further, the deadlines set forth in the Court's October 12, 2012 Scheduling Order (Dkt. 9) are hereby ABATED pending the District Judge's consideration of this report and recommendations. Should the matter not be dismissed, the parties are directed to file an amended proposed scheduling order within ten (10) days of the District Judge's disposition of the motion to dismiss.*

### RECOMMENDATION

Defendant CitiMortgage, Inc.'s Motion to Dismiss (Dkt. 4) should be GRANTED and Plaintiff's claims should be dismissed with prejudice.

Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C.A. § 636(b)(1)(C).

Failure to timely file written objections to the proposed findings and recommendations contained in this report shall bar an aggrieved party from *de novo* review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).

**SIGNED this 8th day of November, 2012.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE